**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION**

MIKAYLA NELSON,                                          Case No.: 1:24-cv-01742

        Plaintiff,

V.

CREDIT CORP SOLUTIONS, INC., and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

        Defendants.

**DEFENDANT CREDIT CORP SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Credit Corp Solutions, Inc. ("Credit Corp"), by and through

counsel, and submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

**<u>ANSWER</u>**

Credit Corp denies each and every allegation, statement, and cause of action contained in

the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever, except as may

be expressly admitted or otherwise addressed herein. As to the numbered paragraphs in the

Complaint, Credit Corp states as follows:

1.      As to Paragraph 1, Credit Corp admits only that this Court has original jurisdiction

over the federal question asserted in the Complaint under 15 U.S.C. § 1692k(d) and § 1681(p).

However, Credit Corp denies any violation of 15 U.S.C. § 1692k(d) and/or § 1681(p), and

Credit Corp lacks knowledge or information sufficient to form a belief as to whether Plaintiff

1

has suffered any concrete injury sufficient to establish Article III jurisdiction, and therefore denies same.

2.      The allegations in Paragraph 2 are vague and ambiguous as to "the acts and transactions" and, accordingly, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations. However, Credit Corp does not dispute that venue in the Northern District of Ohio is proper.

3.      Paragraph 3 refers to the content of one or more written documents and/or statutes which are the best evidence of their contents. Credit Corp denies the allegations to the extent they misstate, mischaracterize, or are otherwise inconsistent with the contents of those documents and/or statutes.

4.      Paragraph 4 refers to the content of one or more written documents and/or statutes which are the best evidence of their contents. Credit Corp denies the allegations to the extent they misstate, mischaracterize, or are otherwise inconsistent with the contents of those documents and/or statutes.

5.      As to Paragraph 5, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and denies the allegations.

6.      Paragraph 6 is vague and ambiguous as to "Defendant" and, accordingly, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the allegations.  Credit Corp affirmatively asserts that it is not "headquartered in Ohio."

7.      Paragraph 7 states a legal conclusion to which Credit Corp is under no known obligation to respond. To the extent that Paragraph 7 refers to the content of one or more written documents and/or statutes, Credit Corp denies the allegations to the extent they misstate,

mischaracterize, or are otherwise inconsistent with the contents of those documents and/or statutes.

8.      As to Paragraph 8, Credit Corp denies.

9.      As to Paragraph 9, Credit Corp denies.

10.      As to Paragraph 10, Credit Corp denies. A violation of the Fair Debt Collection Practices Act ("FDCPA") and/or the Fair Credit Reporting Act ("FCRA") does not always give rise to an actionable injury; and Plaintiff does not obtain standing by virtue of an alleged bare violation of a statutory right. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) ("Importantly, this Court has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right") (internal quotation marks and citation omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016).

11.      As to Paragraph 11, Credit Corp denies that "a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing." *See TransUnion*, 594 U.S. at 426–27:

> For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law…. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.

*Id.* As to the remaining allegations in Paragraph 11, Credit Corp denies to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of statutes referenced.

12.     Paragraph 12 states a legal conclusion to which Credit Corp is under no known obligation to respond. To the extent that any further response is required, Credit Corp denies that the unpublished holding of the district court in *Lane v. Bayview Loan Servicing, LLC*, 2016 WL 3671467 (N.D. Ill. July 11, 2016) is applicable.

13.     As to Paragraph 13, Credit Corp admits that Plaintiff Mikayla Nelson is a natural person but Credit Corp lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence and therefore denies those allegations.

14.     Paragraph 14 states a legal conclusion to which Credit Corp is under no known obligation to respond. To the extent that any further response is required, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

15.     Paragraph 15 states a legal conclusion to which Credit Corp is under no known obligation to respond. To the extent that any further response is required, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

16.     As to Paragraph 16, Credit Corp denies.

17.     As to Paragraph 17, Credit Corp admits only that its business includes the lawful collection of consumer debts, and denies any remaining allegations set forth therein.

18.     As to Paragraph 18, Credit Corp admits only that it collects, or attempts to collect, delinquent debts, including consumer debts, and that it may qualify, under certain circumstances, as a "debt collector" as defined by 15 U.S.C. § 1692a(6), and denies any remaining allegations set forth therein.

4

19.     As to Paragraph 19, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

20.     As to Paragraph 20, Credit Corp denies that 15 U.S.C. § 1681s-2(b) defines "furnisher of information" but admits that Credit Corp provides information to one or more consumer reporting agencies.

21.     As to Paragraph 21, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

22.     As to Paragraph 22, Credit Corp admits that Plaintiff is a natural person but denies the remaining allegations. Credit Corp further states that Plaintiff's debt at issue in this litigation was owned by Credit Corp.

23.     As to Paragraph 23, Credit Corp admits only that it attempted to collect an alleged consumer debt from Plaintiff.

24.     As to Paragraph 24, Credit Corp denies. Credit Corp further states that Plaintiff's debt at issue in this litigation was owed to Credit Corp.

25.     As to Paragraph 25, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

26.     As to Paragraph 26, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

27.     Paragraph 27 is vague and ambiguous as to the "reporting of the alleged debt" and Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

28.     Paragraph 28 is vague and ambiguous as to the "reporting of the alleged debt" and Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

29.     Paragraph 29 is vague and ambiguous as to the "reporting of the alleged debt" and Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

30.     Paragraph 30 is vague and ambiguous as to "the inaccurate reporting," and Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

31.     As to Paragraph 31, Credit Corp admits only that it accurately reported information about Plaintiff's debt to Experian. Credit Corp denies that it creates, controls or is in any way responsible for the information that appears on any credit report created by Experian or any third party.

32.     Paragraph 32 is vague and ambiguous as to "the alleged collection account" and "Plaintiff's report with the credit reporting agencies." Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.  Credit Corp affirmatively asserts that that it accurately reported information about Plaintiff's debt to Experian.

33.     Paragraph 33 states a legal conclusion to which Credit Corp is under no known obligation to respond. To the extent that any further response is required, Paragraph 33 is vague and ambiguous as to "the credit reporting agencies" and Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

34.     As to Paragraph 34, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.  Credit Corp affirmatively asserts that it did not receive any written dispute communication from Plaintiff or from Experian regarding Plaintiff's account in August 2023.

35.     As to Paragraph 35, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.  Credit Corp affirmatively asserts that it did not receive any written dispute communication from Plaintiff or from Experian regarding Plaintiff's account in August 2023.

36.     Paragraph 36 appears to state a legal conclusion and/or refer to the content of one or more statutes, and Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of said statute(s).

37.     As to Paragraph 37, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

38.     As to Paragraph 38, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted (i.e. that "EXP transmitted notice of this dispute") and therefore denies. Credit Corp denies that it received any notice of the dispute and denies receiving an ACDV or any other communication from Experian about Plaintiff's account.

39.     As to Paragraph 39, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies that any obligation to investigate was triggered.

40.     As to Paragraph 40, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

41.     As to Paragraph 41, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies that it had any obligation to include a dispute notification on Plaintiff's account.

42.     As to Paragraph 42, Credit Corp objects that the phrase "credit file" is vague, ambiguous and undefined.  Credit Corp further lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

43.     As to Paragraph 43, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

44.     Paragraph 44 is vague and ambiguous as to "updated account information." Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account, and denies that it received any dispute from Plaintiff prior to November 15, 2023. As to the remaining allegations, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

45.     Paragraph 45 is vague and ambiguous as to "updated account information." Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account, and denies that it received any dispute from Plaintiff prior to November 15, 2023. As to the remaining allegations, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

46.     Paragraph 46 is vague and ambiguous as to "updated marked as disputed information." Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

47.     As to Paragraph 47, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

8

48.     As to Paragraph 48, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies any obligation to "investigate or otherwise verify" Plaintiff's purported dispute.

49.     Paragraph 49 is vague and ambiguous as to "must have" and as to the time frame referenced. Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

50.     As to Paragraph 50, Credit Corp denies.

51.     As to Paragraph 51, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies that it had any obligation to include a dispute notification, or update the information, on Plaintiff's account.

52.     As to Paragraph 52, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

53.     As to Paragraph 53, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies that it had any obligation to include a dispute notification, or update the information, on Plaintiff's account.

54.     As to Paragraph 54, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

55.     As to Paragraph 55, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

56.     As to Paragraph 56, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

57.    As to Paragraph 57, Credit Corp denies.

58.    As to Paragraph 58, Credit Corp denies.

59.    As to Paragraph 59, Credit Corp denies.

60.    As to Paragraph 60, Credit Corp denies.

61.    As to Paragraph 61, Credit Corp denies.

62.    As to Paragraph 62, Credit Corp denies.

## Count I: Alleged Violations of 15 U.S.C. § 1692e

63.    As to Paragraph 63, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

64.    Paragraph 64 refers to the text of one or more statutes and Credit Corp denies to the extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise inconsistent with the contents of statute(s) referenced.

65.    As to Paragraph 65, Credit Corp denies that it received the ACDV or any other communication from Experian about Plaintiff's account and, accordingly, denies that it had any obligation to include a dispute notification, or update the information, on Plaintiff's account. *See, e.g. Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013) ("We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt *unless* the debt collector knows of the dispute") (emphasis in the original). As to the remaining legal conclusions presented in Paragraph 65, Credit Corp is under no known obligation to respond. To the extent any further response is required, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the judicial opinions and statute(s) referenced.

66.      As to Paragraph 66, Credit Corp denies.

67.      Paragraph 67 states a legal conclusion to which Credit Corp is under no known

obligation to respond. To the extent that any further response is required, Credit Corp denies

the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent

with the contents of the judicial opinions and statute(s) referenced.

68.      As to Paragraph 68, Credit Corp denies.

69.      As to Paragraph 69, Credit Corp denies.

70.      As to Paragraph 70, Credit Corp denies.

71.      As to Paragraph 71, Credit Corp denies.

72.      As to Paragraph 72, Credit Corp denies.

73.      As to Paragraph 73, Credit Corp denies that it failed to mark a debt as disputed that

it knows or should have known was disputed. Credit Corp denies that it violated any provision

of the FDCPA.

74.      As to Paragraph 74, Credit Corp denies.

75.      Paragraph 75 refers to the text of one or more statutes and Credit Corp denies to the

extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise

inconsistent with the contents of statute(s) referenced.

76.      As to Paragraph 76, Credit Corp denies.

77.      Paragraph 77 refers to the text of one or more statutes and Credit Corp denies to the

extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise

inconsistent with the contents of statute(s) referenced. Credit Corp expressly denies that Credit

Corp made any false representations, denies that Credit Corp misled the Plaintiff, denies that

11

Credit Corp deprived Plaintiff of any right, and denies any liability to Plaintiff under any provision of the FDCPA or FCRA.

78.     As to Paragraph 78, Credit Corp denies.

79.     As to Paragraph 79, Credit Corp denies.

Credit Corp denies that Plaintiff is entitled to any relief sought; denies that Credit Corp violated the FDCPA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp.

### Count II: Alleged Violations of 15 U.S.C. § 1692d

80.     As to Paragraph 80, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

81.     Paragraph 81 refers to the text of one or more statutes and Credit Corp denies to the extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise inconsistent with the contents of statute(s) referenced.

82.     As to Paragraph 82, Credit Corp denies.

83.     As to Paragraph 83, Credit Corp denies.

84.     As to Paragraph 84, Credit Corp denies.

85.     As to Paragraph 85, Credit Corp denies.

Credit Corp denies that Plaintiff is entitled to any relief sought; denies that Credit Corp violated the FDCPA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp.

### Count III: Alleged Violations of 15 U.S.C. § 1692f

86.     As to Paragraph 86, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

87.     Paragraph 87 refers to the text of one or more statutes and Credit Corp denies to the extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise inconsistent with the contents of statute(s) referenced.

88.     As to Paragraph 88, Credit Corp denies.

89.     As to Paragraph 89, Credit Corp denies.

90.     As to Paragraph 90, Credit Corp denies.

Credit Corp denies that Plaintiff is entitled to any relief sought; denies that Credit Corp violated the FDCPA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp.

## Count IV: Alleged Violations of 15 U.S.C. § 1681e(b)

91.     As to Paragraph 91, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

92.     Paragraph 92 refers to the text of one or more statutes and Credit Corp denies to the extent that the allegations in this paragraph misstate, mischaracterize, or are otherwise inconsistent with the contents of statute(s) referenced. As to the remaining allegations, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

93.     As to Paragraph 93, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

94.     As to Paragraph 94, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

13

95.     As to Paragraph 95, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

Credit Corp denies that Plaintiff is entitled to any relief sought as against Credit Corp; denies that Credit Corp violated the FCRA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp. As to the remaining allegations in the unnumbered "prayer for relief" paragraph of Count IV, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

## Count V: Alleged Violations of 15 U.S.C. § 1681i

96.     As to Paragraph 96, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

97.     As to Paragraph 97, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

98.     As to Paragraph 98, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

99.     As to Paragraph 99, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

100.    As to Paragraph 100, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

Credit Corp denies that Plaintiff is entitled to any relief sought as against Credit Corp; denies that Credit Corp violated the FCRA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp. As to the remaining allegations in

the unnumbered "prayer for relief" paragraph of Count V, Credit Corp lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

### Count VI: Alleged Violations of 15 U.S.C. § 1681s-2(B)

101.    As to Paragraph 101, Credit Corp restates and realleges the preceding paragraphs as if fully stated herein.

102.    As to Paragraph 102, Credit Corp denies.

103.    As to Paragraph 103, Credit Corp denies.

104.    As to Paragraph 104, Credit Corp denies.

105.    As to Paragraph 105, Credit Corp denies.

Credit Corp denies that Plaintiff is entitled to any relief sought as against Credit Corp; denies that Credit Corp violated the FCRA; and denies that Plaintiff is entitled to actual or statutory damages, or attorneys' fees, against Credit Corp under any provision of the FCRA or otherwise.

106.    As to Paragraph 106, Credit Corp admits that Plaintiff has demanded a jury trial.

### AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Credit Corp and, as and for its affirmative defenses to Plaintiff's Complaint, states and alleges as follows:

1.    The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Credit Corp and fails to state facts sufficient to entitle Plaintiff to the relief sought.

2.    Plaintiff lacks standing because, among other reasons, Plaintiff has not suffered an invasion of a legally protected interest or injury that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical.

3.    Credit Corp denies that any injury or damage allegedly sustained by Plaintiff resulted from any action or inaction of Credit Corp.

4.    Plaintiff's claim are, or may be, barred or diminished by Credit Corp's right to setoff and/or recoupment, arising from defaults, deficiencies, or otherwise.

5.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her damages, if any.

6.    Plaintiff's claims fail to the extent that Plaintiff's purported damages, if any, were the direct and proximate result of the action or inaction of Plaintiff or others over whom Credit Corp has no control and for whom Credit Corp has no responsibility.

7.    Credit Corp complied with all applicable statutes regarding the collection of the underlying debt.

8.    The contract that Plaintiff executed in connection with the underlying debt in this matter is or may be subject to an arbitration clause.  Credit Corp reserves the right to move to compel arbitration of this matter.

9.    Credit Corp reserves the right to assert additional affirmative defenses as investigation and discovery continue.

**WHEREFORE**, Credit Corp asks this Court to dismiss the Complaint, on its merits and with prejudice as to all claims brought against Credit Corp, and deny all relief sought by Plaintiff against Credit Corp, and enter judgment in Credit Corp's favor, awarding Credit Corp its costs,

16

fees, and disbursements, and all such other and further relief as this Court deems just and appropriate.


This 23rd day of December, 2024.          Respectfully submitted,


                                          /s/ Kevin R. Feazell
                                          Kevin R. Feazell (OH# 0059634)
                                          Stephanie L. Brockman (OH# 0099134)
                                          Cors & Bassett, LLC
                                          201 East Fifth Street, Suite 900
                                          Cincinnati, OH 45202
                                          T| (513) 852-2582
                                          F| (513) 852-8222
                                          krf@corsbassett.com
                                          slb@corsbassett.com
                                          Attorneys for Defendant
                                          Credit Corp Solutions, Inc.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on December 23, 2024. Notice of this filing was sent by operation of the Court's electronic filing system. The parties may access this filing through the Court's ECF system.

/s/ Kevin R. Feazell
Kevin R. Feazell (0059634)
